Julian Brew (State Bar No. 150615)
Cypress LLP
11111 Santa Monica Boulevard, Suite 500
Los Angeles, CA 90025
Telephone: (424) 317-6220
Facsimile: (424) 750-5100
julian@cypressllp.com

Attorneys for Plaintiffs
SWEETWATER MALIBU CA LLC
and TEODORO NGUEMA OBIANG
MANGUE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SWEETWATER MALIBU CA, LLC, a California limited liability company; and TEODORO NGUEMA OBIANG MANGUE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SAM HAKIM, an individual; AITAN SEGAL, an individual; and BERKSHIRE HATHAWAY HOMESERVICES, CALIFORNIA INC., a California corporation, MAURICIO OBERFELD, an individual, and 3620 SWEETWATER MESA LLC, a California limited liability company.<br><br>Defendants. | Case No. 2:20-CV-08945-GW-KS<br><br>Judge: Hon. George H. Wu<br><br>**JOINT STATUS CONFERENCE REPORT**<br><br>Date: June 17, 2021<br>Time: 8:30 a.m.<br>Crtrm. 9D (9th Floor) |

Plaintiffs Teodoro Nguema Obiang Mangue and Sweetwater Malibu CA LLC (together, "Plaintiffs") and the defendants Mauricio Oberfeld and 3620 Sweetwater Mesa LLC (together, the "Oberfeld Defendants"), submit this joint status report in connection with the status conference scheduled for June 17, 2021.

/ / /

/ / /

/ / /

On June 8, 2021, this Court entered an Order (the "June 8 Order) (i) granting motions to dismiss by defendants Sam Hakim, Aitan Segal and Berkshire Hathaway Homeservices Inc. ("Hakim Defendants"), (ii) granting the motion to dismiss by the Oberfeld Defendants as to the causes of action under the Sherman Antitrust Act and California's Cartwright Act, and (iii) denying the Oberfeld Defendants' motions to dismiss as to all other claims in the Second Amended Complaint.

Subject to any appeals of dismissal of any claims against the Oberfeld and Hakim Defendants, the remaining claims are against the Oberfeld Defendants for: (i) aiding and abetting violation of a court order (civil contempt), (ii) aiding and abetting violation of fiduciary duty, and (iii) conspiracy to defraud.

The June 8 Order required plaintiffs Teodoro Nguema Obiang Mangue and Sweetwater Malibu CA, LLC ("Plaintiffs") and the Oberfeld Defendants to submit a status conference report for a status conference on June 17, 2021.  Plaintiffs and the Oberfeld Defendants have met and conferred and have agreed on certain scheduling matters and disagreed on others as set forth below.

Plaintiffs and the Oberfeld Defendants agree that the following dates should be scheduled in accordance with the timelines set forth in the Federal Rules of Civil Procedure:  Oberfeld Defendants Answer to First Amended Complaint (6/22/21); Rule 26(f) Conference (7/6/21); and Rule 26 Exchange (7/20/21).

The parties also have discussed whether, because the claim for aiding and abetting violation of a court order (civil contempt) is triable to the Court and will require proof by clear and convincing evidence, it would make sense to schedule either (i) a preliminary trial on that claim which may render trial of the other claims unnecessary, or (ii) a trial of all claims with a waiver of jury trial.  The parties have not yet reached a consensus on these issues.

/ / /

/ / /

/ / /

The parties' positions on other scheduling matters are set forth below.

**Plaintiffs' Position.**

Plaintiffs believe this case does not require a large amount of discovery, likely limited to six (6) or less depositions, documents concerning two transactions for the same property, and no expert discovery, and that a trial date should be scheduled for late February 2022, with the discovery cut-off and Pretrial Conference scheduled based on the trial date and applicable scheduling orders.

Plaintiffs understand the Oberfeld Defendants may file a motion to dismiss claims other than civil contempt for lack of subject matter jurisdiction or seeking discretionary dismissal of such claims.  While there has been no Local Rule 7-3 conference on such motion and Plaintiffs do not yet know the specific basis, Plaintiffs would oppose such motion, because, among other reasons:

(i) The state law claims arise out of the same transactions and occurrences as the claim for civil contempt, do not involve novel or complex issues of state law and having them heard in different courts would be inefficient and risk conflicting outcomes (28 U.S.C. § 1367(a), (c));

(ii) This Court retained exclusive jurisdiction over actions for violations of the settlement agreement and order at issue in the contempt claim, as well as disposition of proceeds recovered on any claim in this action (*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)); and

(iii) Dismissal of the federal Sherman Act claim is subject to appeal and would provide an independent jurisdictional basis if reversed.

Plaintiffs understand the Oberfeld Defendants may ask for scheduling of trial to be delayed until after trial in a state court action by the Hakim Defendants against the Oberfeld Defendants and Mauricio Umansky that is currently scheduled for June 2022.  Plaintiffs oppose such delay, including because:

/ / /

/ / /

(i) The state court actions are by the Hakim Defendants for alleged fraud and other wrongdoing they claim was committed against them by the Oberfeld Defendants and Plaintiffs are not parties or bound by any outcome;

(ii) Factual determinations in this action, on the other hand, could have preclusive effect in the state court action because the Oberfeld Defendants are parties to both proceedings;

(iii) Given the current delays in California state court, it is highly unlikely trial in that action will take place by June 2022; and

(iv) This action also involves narrower and different issues and is likely to be far shorter than the state court actions between the Hakim Defendants and Oberfeld Defendants and Mauricio Umansky.

**Oberfeld Defendants' Position**

The Oberfeld Defendants' believe that numerous significant aspects of this case are still in flux such that the setting of *any* trial date at this stage is premature, particularly a February 2022 trial date that is simply unrealistic. If *any* trial date is to be set at this time, the Oberfeld Defendants believe that it should be set for a date in or after August 2022 for the reasons briefly set forth below:

(i) The Oberfeld Defendants understand that Plaintiff intends to appeal the Court's ruling dismissing all claims as to the non-Oberfeld Defendants. Accordingly, neither the parties to this action nor the scope of the claims to be litigated have been determined with finality.

(ii) The Oberfeld Defendants intend to bring an appropriate motion arguing that the Court either does not have subject matter jurisdiction over Plaintiffs' non-contempt claims (*i.e.* Fourth and Fifth Causes of Action for Aiding and Abetting Breach of Fiduciary Duty and Conspiracy to Commit Fraud, respectively), or in the alternative, should decline to exercise any ancillary jurisdiction it may have. Accordingly, and again, the scope of the claims to be litigated have yet to be determined with finality.

(iii) The Oberfeld Defendants dispute Plaintiffs' position that this action will necessarily not require a significant amount discovery, particularly so if the dismissal of the Hakim parties is overturned on appeal. Extensive written and deposition discovery may be necessary from *at least* Plaintiffs, the Oberfeld Defendants, the Hakim Defendants, Umansky and the Department of Justice. Expert testimony concerning the subject property's fair market value at the time of the sale and at the time of the re-sale may also be necessary.

(iv) Finally, the allegations and issues surrounding Plaintiffs' Fourth and Fifth Causes of Action are substantially similar to those surrounding state court claims brought by the Hakim Defendants in late-2019 against the Oberfeld Defendants and Mauricio Umansky. Those state law claims are currently being litigated by the parties to that action. Trial is scheduled for June 27, 2022 and the Oberfeld Defendants believe that discovery and findings of fact in that action would substantially reduce the scope of necessary discovery and disputed issues in *this* action.

DATED: June 15, 2021         **CYPRESS LLP**

By: _____
Julian Brew
Attorneys for Plaintiffs
SWEETWATER MALIBU CA, LLC and
TEODORO NGUEMA OBIANG MANGUE

DATED: June 15, 2021        **EISNER, LLP**

By:  <u>/s/ Ryan Austin</u>
      Christopher Frost
      Ashlee Lin
      Ryan Austin
      Attorneys for Defendants
      MAURICIO OBERFELD and 3620
      SWEETWATER MESA, LLC